UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HELGARD MULLER, | * | 08-CV-4063-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | GRANTING MOTION TO |
| GATEWAY BUILDING SYSTEMS, | * | DISMISS THIRD PARTY |
| INC., | * | COMPLAINT AND DENYING |
| | * | MOTION TO CERTIFY |
| Defendant and Third Party | * | QUESTIONS |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| SOUTH DAKOTA WHEAT | * | |
| GROWERS ASSOCIATION | * | |
| | * | |
| Third Party Defendant. | * | |

Third Party Defendant South Dakota Wheat Growers Association ("SDWGA") moves to dismiss the Third Party Complaint (Doc. 71) and Amended Third Party Complaint (Doc. 84) of Defendant and Third Party Plaintiff Gateway Building Systems, Inc. ("Gateway"). SDWGA moves to dismiss Gateway's claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, contending that South Dakota's workers' compensation law, S.D. Codified Laws ("SDCL") § 62-3-2 (2009), contains an exclusive remedy provision barring SDWGA from liability as a joint tortfeasor in this case.

-1-

# I. FACTS

Plaintiff Helgard Muller commenced this action seeking money damages for injuries he sustained at the SDWGA facility in Roscoe, South Dakota on May 22, 2007. (Doc. 7). At the time of these injuries, Muller was employed by SDWGA, and the injuries arose out of, and in the course of, his employment. All Defendants other than Gateway have been dismissed from this action. Muller alleges that Gateway - a construction company specializing in the design and construction of farm machinery and equipment systems - designed, constructed, sold, and installed the allegedly defective grain bin in which Muller was injured. Gateway filed a Third Party Complaint against SDWGA (Doc. 71) and later filed an Amended Third Party Complaint, (Doc. 84), alleging that SDWGA is responsible in whole or in part for the accident causing Muller's injury, due to its employees' improper training and supervision of Muller.

In its initial Third Party Complaint, Gateway alleged - and SDWGA does not dispute - that, as a result of the injuries Muller sustained on May 22, 2007, Muller received compensation through a workers' compensation insurance policy carried by SDWGA, his employer. (Doc. 53, Exhibit 2, at ¶ 5). Gateway also alleged that the subrogated workers' compensation claim forms a portion of the damages alleged in Muller's complaint. (Doc. 53, Exhibit 2, at ¶ 6).

The Amended Third Party Complaint realleges and incorporates by reference all allegations made in the original Third Party Complaint. (Doc. 84, ¶ 1). Both the original and amended third party complaints allege that SDWGA is responsible in whole or in part for Muller's injuries based on a variety of theories. Gateway alleges that, if found liable for

damages to Plaintiff Muller, then it is entitled to reduction or the equitable remedy of defeating the workers' compensation subrogation claim of SDWGA that comprises part of Muller's claim against Gateway, based on the degree of negligence found on the part of Third Party Defendant SDWGA as a joint tortfeasor.

## II. DISCUSSION

This Court may grant a motion to dismiss under Rule 12(b)(6) when "the plaintiff can prove no set of facts that would entitle him to relief." Botten v. Shorma, 440 F.3d 979, 980 (8th Cir. 2006). The parties agree that South Dakota law governs this diversity jurisdiction case arising out of an injury that occurred in South Dakota. This Court must apply the substantive law of South Dakota in this case, and the decisions of the Supreme Court of South Dakota as to state law are binding on this Court. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); B.B. v. Continental Ins. Co., 8 F.3d 1288, 1291 (8th Cir. 1993).

A South Dakota statute limits the rights of an injured employee who is eligible for and receives workers' compensation benefits as follows:

> The rights and remedies granted to an employee subject to this title, on account of personal injury or death arising out of and in the course of employment, shall exclude all other rights and remedies of the employee, the employee's personal representatives, dependents, or next of kin, on account of such injury or death against the employer or any employee, partner, officer, or director of the employer, except rights and remedies arising from intentional tort.

SDCL 62-3-2.

The Supreme Court of South Dakota most recently addressed application of this exclusive remedy provision in Hagemann v. NJS Eng'g, Inc., 2001 SD 102, 632 N.W.2d 840. In Hagemann, the Court held that the plain language of SDCL 62-3-2 precluded a defendant from recovering contribution or indemnity from an employee of plaintiff's employer. Id. at ¶

6, 632 N.W.2d at 843. Because SDCL 62-3-2 provides "any employee" immunity from suit, the Court in Hagemann held that contribution was barred under the Uniform Contribution Among Tortfeasors Act ("UCATA"). Id. Although Hagemann pertained to a third party defendant *employee*, the Court noted that "SDCL 62-3-2 makes it clear that employer and employee are in the same position when it comes to barring suit against them." Id.

Under UCATA, codified in SDCL ch. 15-8, "the right of contribution exists among joint tortfeasors." SDCL 15-8-12. A "joint tortfeasor" is defined as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." SDCL 15-8-11; see also Hagemann, 2001 SD 102 at ¶ 6, 632 N.W.2d at 843. "[T]he Act only applies 'where there is a common *liability* to an injured person in tort' and 'there can be no contribution where the injured person has no right of action against the third-party defendant.'" Id. at ¶ 6, 632 N.W.2d at 843-44 (quoting Burmeister v. Youngstrom, 81 S.D. 578, 586 (1965) (emphasis in original)). Because SDCL 62-3-2 protects SDWGA from being held liable outside of the workers' compensation realm, SDWGA cannot be a joint tortfeasor under SDCL ch. 15-8. Thus, SDCL 62-3-2 immunizes SDWGA from liability in a suit of this nature, unless SDWGA committed an intentional tort. Gateway does not claim that SDWGA committed an intentional tort. Thus, under SDCL 62-3-2 and SDCL Ch. 15-8, SDWGA cannot be held liable as a joint tortfeasor, no matter its degree or percentage of negligence. See id. at ¶ 6, 632 N.W.2d at 844.

Gateway argues that Hagemann is distinguishable from the case at bar because the third party action in Hagemann sought monetary relief in the form of contribution or

indemnity, whereas Gateway does not seek monetary relief against SDWGA. In its Amended Third Party Complaint, Gateway requests "a credit or offset based on the degree of fault found on the part of Third Party Defendant Wheat Growers, as is set forth in SDCL 15-8-11." (Doc. 84 at ¶ 2). The Amended Third Party Complaint also states, "Gateway does not claim entitlement or relief to any damages against South Dakota Wheat Growers, beyond the worker's compensation subrogation claim, and/or a reduction for any amounts claimant is entitled to recover, based on the relative degree of fault of South Dakota Wheat Growers." (Id. at ¶ 4).

Gateway characterizes the relief it seeks as "an equitable remedy regarding that portion of this civil action which involves the worker's compensation subrogation claim." (Doc. 94 at 6). It argues that such a remedy would be appropriate if a jury determines that SDWGA is responsible in whole or in part for Plaintiff's injuries, based on the view that SDWGA or its workers' compensation carrier should not then be permitted to recover 100 percent of its subrogation claim. Id. In support of this remedy, Gateway relies exclusively on a Minnesota case, Lambertson v. Cincinnati Welding Corp., 257 N.W.2d 679 (Minn. 1977) (finding that third-party employer of plaintiff could be held liable for contribution - limited to the amount of workers' compensation benefits - to defendant). However, in Hagemann, the Supreme Court of South Dakota considered and expressly rejected the holding of Lambertson. Hagemann, 2001 SD 102 at ¶ 8, 632 N.W.2d at 845-46. The Court in Hagemann reasoned that the "holding [of Lambertson] contravenes the plain language of SDCL 62-3-2" and that following "Minnesota case law in this area would involve rewriting South Dakota's workers compensation law by this Court." Id. at ¶ 8, 632 N.W.2d at 845-46.

Gateway's various characterizations of the remedy it seeks is an attempt to distance its claim from that of the defendant in Hagemann. However, there is no practical distinction between the remedy sought by Gateway and the remedy sought by the defendant in Hagemann. The remedy that Gateway seeks is conditioned on a finding of joint tortfeasor status as between SDWGA and Gateway. However, South Dakota settled law is clear; SDWGA, as Muller's employer, is protected from a suit of this nature by the exclusive remedy provision of SDCL 62-3-2, thereby precluding SDWGA from being found a joint tortfeasor under SDCL ch 15-8, in turn barring the remedy Gateway seeks.

In the nine years since Hagemann was decided, the South Dakota Legislature has passed some form and style changes to SDCL 62-3-2. However, the South Dakota Legislature has made no substantive changes to SDCL 62-3-2 and specifically has not modified the statute to allow a suit against an employer to seek to bar or reduce a workers' compensation subrogation interest when the employer arguably shares blame for the injury, as allowed in Minnesota under Lambertson.

Gateway also filed a Motion to Certify Questions to South Dakota Supreme Court (Doc. 98), seeking to have this Court certify two questions: 1) "Is a workers' compensation subrogation claim subject to reduction or elimination based on the negligence of the employer?" 2) "Is a defendant, such as Gateway, entitled to a reduction from any judgment amount for the pro rata share of the employer's negligence?" Under SDCL 15-24A-1, "[t]he Supreme Court [of South Dakota] may answer questions of law certified to it by . . . a United States district court, if there are questions of law of this state involved in any proceeding before the certifying court which may be determinative of the cause pending in the certifying

court and it appears to the certifying court and to the Supreme Court that there is no controlling precedent in the decisions of the Supreme Court of this state." As discussed above, controlling precedent from the Supreme Court of South Dakota exists regarding the questions of state law that SDWGA seeks to have this court certify.

Therefore, it is hereby

ORDERED that Third Party Defendant South Dakota Wheat Growers Association's Motion to Dismiss Defendant Gateway Building Systems, Inc.'s Third Party Complaint and Amended Third Party Complaint (Doc. 91) is granted. It is further

ORDERED that the Motion to Certify Questions to South Dakota Supreme Court (Doc. 98) is denied. It is finally

ORDERED that, with the recent reassignment of this case to the undersigned judge, the pretrial conference set for May 3, 2010 and the trial set to begin on June 8, 2010 are continued. The Court will arrange with the remaining counsel in this case for a pretrial conference and motion hearing in May 2010 and a different trial date in the near future.

Dated April 28, 2010.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE