FILED
APR 29 2010
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HELGARD MULLER, | * | 08-CV-4063-RAL |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CHANGE OF VENUE |
| GATEWAY BUILDING SYSTEMS, INC., | * | |
| Defendant, | * | |

Defendant Gateway Building Systems, Inc. ("Gateway") moves for a change of venue (Doc. 100) within the District of South Dakota, from the Southern Division (Sioux Falls) to the Northern Division (Aberdeen), under 28 U.S.C. §§ 1391 and 1404. Gateway recognizes that transfer of a case to a different division within the District of South Dakota is a matter of discretion for this Court.

Gateway's motion is not controlled by 28 U.S.C. § 1391 because that statute pertains to venue among districts, rather than within a single district among its divisions. As such, the venue of this diversity of citizenship action is proper anywhere in the District of South Dakota.

Section 1404 governs the ability of a federal district court to transfer a case to another division. The statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute establishes three factors that the Court is to consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. See Terra Int'l, Inc. v. Miss.

Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). In determining the "interests of justice," courts may consider the following: (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. Terra Int'l, 119 F.3d at 696.

The Court is not limited to these factors, but "such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); 15 Wright et al, Fed'l Prac. & Proc. § 3847, at 370 (2d ed. 1986)). In addition, "federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Id. at 695 (citing Jumara, 55 F.3d at 879; Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992)).

The first factor under the section 1404(a) analysis is the convenience of the parties. Neither of the remaining parties reside in the Northern Division or the Southern Division of the District of South Dakota. Plaintiff currently resides in South Africa, from where airline travel is more convenient to Sioux Falls rather than Aberdeen. Gateway, the lone remaining defendant, is a North Dakota corporation with its principal place of business in Fargo, North Dakota. Fargo is closer to Aberdeen than Sioux Falls, but only by approximately 100 miles. The comparative costs to the parties of litigating in each forum does not weigh in favor of

transfer. Indeed, the attorneys[1] for the remaining parties both are from Sioux Falls, which would seem to make a trial in Sioux Falls less expensive to the parties than trial in Aberdeen.

The convenience of the witnesses might favor transfer to the Northern Division. Plaintiff has filed a disclosure of four expert witnesses, two of whom reside in Sioux Falls and two of whom reside in the Minneapolis, Minnesota area. However, the events giving rise to Plaintiff's claim occurred at a grain storage facility in the Northern Division. Gateway identified one witness, Shane Clark, who was the manager at the facility in Roscoe, South Dakota and who now works in Bristol, South Dakota, which is within the Northern Division. Gateway referred generally to other witnesses who might live within the Northern Division, but did not specifically identify them.

The interests of justice do not appear to favor transfer to the Northern Division. Gateway has not explained how a trial in Aberdeen would enhance judicial economy. Venue in the Southern Division poses no obstacles to a fair trial or each party's ability to enforce a judgment. Because a district court in any division within the District of South Dakota will apply the substantive law of South Dakota in this diversity jurisdiction case arising out of an injury that occurred in South Dakota, trying the case in the Southern Division rather than the Northern Division does not implicate conflict of law concerns or the advantages of having a local court determine questions of local law. No other factors suggest that trial in the Northern Division better serves the interests of justice than trial in the Southern Division.

This case has been pending as a Southern Division case since it was filed on May 1, 2008. Gateway first raised an issue with venue in the Southern Division in a motion filed on

---

[1] Plaintiff's local counsel is from Sioux Falls, although he has counsel from other *states* as well.

February 16, 2010, some 21 months after Gateway was served with the summons and complaint. Giving "considerable deference to a plaintiff's choice of forum," Terra Int'l, 119 F.3d at 695, this Court believes that the interests of justice and the convenience of the parties and witnesses do not justify changing venue to the Northern Division.

Therefore, it is

ORDERED that Defendant Gateway Building Systems, Inc.'s Motion for Change of Venue (Doc. 100) is denied.

Dated April 27, 2010.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE